**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JANET CLAYBROOK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PAULA DUNNING AND** | § | |
| **TIME DEFINITE SERVICES** | § | |
| **TRANSPORTATION, LLC.** | § | |
| | § | |
| **Defendants.** | | |

**APPENDIX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**

Defendant Time Definite Transportation Services, LLC, files this Appendix in Support of its Notice of Removal:

**INDEX TO APPENDIX**

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | Copy of the Docket Sheet for Cause no. 096-280741-15, in the 96th District Court, Tarrant County, Texas | App. 1-2 |
| B | An index of documents filed in Cause no. 096-280741-15, in the 96th District Court, Tarrant County, Texas | App. 3-4 |
| B-1 | Plaintiff's Original Petition With Written Discovery filed September 1, 2015 | App. 5-68 |
| B-2 | Civil Case Information Sheet | App. 69 |
| B-3 | Letter to the Clerk regarding citations filed September 1, 2015 | App. 70 |
| B-4 | Return of Citation to Texas Transportation Commission on behalf of Paula Dunning | App. 71-74 |

| B-5 | Defendant Time Definite Services Transportation, LLC's Original Answer | App. 75-82 |
| B-6 | Suggestion of Death of Paula Dunning | App. 83-84 |
| C | Defendant's Certificate of Interested Persons | App. 85-87 |

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

By:    /s/  *John W. Greene*_____
       John W. Greene
       State Bar No. 08391520
       *jgreene@scopelitis.com*
       Lynn M. Winter
       State Bar No. 24078135
       *lwinter@scopelitis.com*

801 Cherry Street, Suite 1075
Fort Worth, Texas  76102
Tel:  (817) 869-1700
Fax:  (817) 878-9472

ATTORNEYS FOR DEFENDANT
TIME DEFINITE SERVICES
TRANSPORTATION, LLC

## **CERTIFICATE OF SERVICE**

On October 9, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas via ECF. I hereby certify that I have served all counsel of record listed below electronically or by another manner authorized by the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| _____ | E-Service | Wade A. Barrow |
| _____ | Certified Mail, RRR | Law Offices of Steven C. Laird |
| _____ | Regular First-Class Mail | 1824 8th Avenue |
| ___X___ | Facsimile | Fort Worth, TX 76110 |
| | | Fax: 817-923-2228 |

 /s/ *John W. Greene*
John W. Greene

4813-8121-3737, v. 1

Defendant's Appendix in Support of Notice of Removal                    Page 3

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 10/8/15 2:37 PM |
|---|---|

| Cause Number: | 096-280741-15 | Date Filed: 09-01-2015 |
|---|---|---|

JANET CLAYBROOK | VS | TIME DEFINITE SERVICES TRANSPORTATION, LLC, ET AL

Cause of Action:     INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

Case Status:     PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 09-01-2015 | PLTF'S ORIG PET WITH WRITTEN DISC | N I | | 284.00 | |
| 09-01-2015 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 09-01-2015 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 09-01-2015 | LTR TO CLERK: CITATIONS | I | | | 0.00 |
| 09-01-2015 | CIT-ISSUED ON TIME DEFINITE SERVICES TRANSPORTATION LL-On 09/02/2015 | N | Svc | 8.00 | |
| 09-01-2015 | COURT COST (PAID) trans #5 | Y | | | 8.00 |
| 09-01-2015 | CITATION BY CERTIFIED MAIL | V A | Svc | 83.00 | |
| 09-01-2015 | COURT COST (PAID) trans #7 | Y | | | 83.00 |
| 09-01-2015 | COPIES - ELECTRONIC | N | | 67.90 | |
| 09-01-2015 | COURT COST (PAID) trans #9 | Y | | | 67.90 |
| 09-01-2015 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 09-01-2015 | COURT COST (PAID) trans #11 | Y | | | 2.00 |
| 09-01-2015 | CITATION BY CERTIFIED MAIL | V A | Svc | -83.00 | |
| 09-01-2015 | CIT Tx Trans Comm Cert Mail-ISSUED ON PAULA DUNNING-On 09/02/2015 | N A | Svc | 83.00 | |
| 09-22-2015 | CIT Tx Trans Comm Cert Mail Tr# 14 RET EXEC(PAULA DUNNING) On 09/17/2015 | I | | | 0.00 |
| 09-25-2015 | ORIG ANS OF DEFN TIME DEFINITE SERVICES TRANSPORTATION LLC | I | | | 0.00 |
| | E-FILE TRANSACTION FEE | N | | 2.00 | |

## EXHIBIT A

Case 4:15-cv-00763-A   Document 1-1   Filed 10/09/15   Page 5 of 90   PageID 11

| 09-25-2015 | | | | |
|---|---|---|---|---|
| 09-25-2015 | COURT COST (PAID) trans #17 | Y | | 2.00 |
| 10-07-2015 | SUGGESTION OF DEATH OF PAULA DUNNING | I | | 0.00 |
| 10-07-2015 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 10-07-2015 | COURT COST (PAID) trans #20 | Y | | 2.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

App. 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JANET CLAYBROOK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PAULA DUNNING AND** | § | |
| **TIME DEFINITE SERVICES** | § | |
| **TRANSPORTATION, LLC.** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

The following documents have been filed in cause number 096-280741-15,

in the District Court No. 96, Tarrant County, Texas:

| EXHIBIT | DOCUMENT | DATE FILED |
|---|---|---|
| B-1 | Plaintiff's Original Petition with Written Discovery | 09/01/2015 |
| B-2 | Civil Case Information Sheet | 09/01/2015 |
| B-3 | Ltr. To Clerk: Citations | 09/01/2015 |
| B-4 | Return of Citation to Texas Transportation Commission on behalf of Paula Dunning | 09/22/2015 |
| B-5 | Original Answer of Defendant Time Definite Services Transportation, LLC | 09/25/2015 |
| B-6 | Suggestion of Death Paul Dunning | 10/07/2015 |

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.**

By:   _/s/ John W. Greene_____

Index of Documents Filed in State Court

**EXHIBIT B**

App. 3

John W. Greene
State Bar No. 08391520
*jgreene@scopelitis.com*
Lynn M. Winter
State Bar No. 24078135
*lwinter@scopelitis.com*

801 Cherry Street, Suite 1075
Fort Worth, Texas  76102
Tel:  (817) 869-1700
Fax:  (817) 878-9472

ATTORNEYS FOR DEFENDANT
TIME DEFINITE SERVICES
TRANSPORTATION, LLC

## CERTIFICATE OF SERVICE

On October 9 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas via ECF.  I hereby certify that I have served all counsel of record listed below electronically or by another manner authorized by the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| _____ | E-Service | Wade A. Barrow |
| _____ | Certified Mail, RRR | Law Offices of Steven C. Laird |
| _____ | Regular First-Class Mail | 1824 8th Avenue |
| ___X____ | Facsimile | Fort Worth, TX 76110 |
| | | Fax:  817-923-2228 |

  _/s/ *John W. Greene*_____
John W. Greene

4851-0680-7080, v.  1

Index of Documents Filed in State Court

App. 4

FILED
TARRANT COUNTY
10/1/2015 11:29:44 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-280741-15 _____

| | | |
|---|---|---|
| **JANET CLAYBROOK** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **NO.** _____ |
| | § | |
| **PAULA DUNNING AND** | § | |
| **TIME DEFINITE SERVICES** | § | |
| **TRANSPORTATION, L.L.C.** | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## WITH WRITTEN DISCOVERY

Plaintiff, JANET CLAYBROOK, files this, her Original Petition with Written Discovery against PAULA DUNNING and TIME DEFINITE SERVICES TRANSPORTATION, LLC, and would show as follows:

### A.  Discovery Control Plan and Written Discovery

1.1     Discovery shall be according to a "Level Three" discovery control plan. The parties shall submit an agreed Level III Discovery Control Plan to the Court within 30 days of the last defendant answering. Alternatively, Plaintiff requests a scheduling conference within 30 days of the final defendant answering if no agreed scheduling order has been submitted.

1.2     Plaintiff's Interrogatories to Defendant Paula Dunning are attached hereto as Exhibit "A;"

1.3     Plaintiff's Request for Production to Defendant Paula Dunning are attached hereto as Exhibit "B;"

1.4     Plaintiff's Request for Admissions to Defendant Paula Dunning are attached hereto as Exhibit "C;"

1.5     Plaintiff's Interrogatories to Defendant Time Definite Services Transportation, LLC are attached hereto as Exhibit "D;"

**EXHIBIT B-1**

App. 5

1.6     Plaintiff's Request for Production to Defendant Time Definite Services Transportation, LLC are attached hereto as Exhibit "E;" and

1.7     Plaintiff's Request for Admissions to Defendant Time Definite Services Transportation, LLC are attached hereto as Exhibit "F."

1.8     **REQUEST FOR DISCLOSURE** – Plaintiff requests that Defendants Paula Dunning, and Time Definite Services Transportation, LLC disclose within fifty (50) days of service the items described in TEX. R. CIV. P. 194.2 (a)-(l).

## B. Parties

2.1     Janet Claybrook (xxx-xx-0512) is an individual who resides in Fort Worth, Tarrant County, Texas.

2.2     Defendant Paula Dunning is a resident, who may be served with process at her residence, located at 1215 Highway 179, Bonifay, Florida 32425. Pursuant to Tex. Civ. Prac & Rem. Code Chap. 17, Subchapter D, service of Process may be obtained on Defendant by serving two (2) copies of this pleading and the citation, issued in the name of the Defendant, PAULA DUNNING, with the Chair of the Texas Transportation Commission listed as the Agent of Service:

**Tryon Lewis, Chair**
**Texas Transportation Commission**
**125 E. 11th Street**
**Austin, Texas 78701-2483**

Upon receipt, the Texas Transportation Commission shall forward a copy of the process to the nonresident motorist by registered or certified mail to:

**PAULA DUNNING**
**1215 Highway 179**
**Bonifay, Florida 32425**

2.3     Defendant Time Definite Services Transportation, LLC is a limited liability corporation with a principal place of business in Sumterville and may be served with process by serving its registered agent, Michael Suarez, 1935 CR 525 East, Sumterville, Florida 33585.

## C.  Jurisdiction and Permissive Venue

3.1     This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of over $1 million.

3.2     Permissive venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE, Section 15.002(a)(1) & (2), because all or part of the cause of action arose in Tarrant County, Texas.

## D.  Background

4.1     On May 3, 2014, at approximately 9:15 p.m., Defendant, Paula Dunning was operating a truck trailer owned by Time Definite Services Transportation, LLC.  Plaintiff was traveling southbound on the 5300 block of IH-35 in the right lane in Fort Worth, Texas.  Defendant Dunning was also traveling southbound on I-35 in the middle lane.   Defendant attempted to take the exit ramp for Northeast Loop 820 Westbound.  In doing so, Defendant changed lanes when it was unsafe, entered into Plaintiff's lane, striking her vehicle.   The negligence of all of the Defendants was the cause of the collision with Plaintiff's vehicle.  Plaintiff suffered permanent and serious injuries in this collision.

## E.  General Causes of Action and Facts Underlying These Claims

5.1     On May 3, 2014, Defendant Dunning failed to obey traffic laws which caused the collision with Plaintiff's vehicle.

5.2     The acts and/or omissions of Defendants on May 3, 2014, also violated numerous provisions of the Texas Transportation Code and the Federal Carrier Safety Regulations, all of

which were, singularly or in combination, negligence and a proximate cause of the collision and Plaintiff's serious and permanent injuries.

5.3    Defendant Time Definite Services Transportation, LLC failed to properly train its driver, Defendant Paula Dunning.  Time Definite Services Transportation, LLC is also responsible under the doctrine of *respondent superior* as Defendant Paula Dunning was operating the truck trailer during the course and scope of her employment as defined by the Federal Motor Safety Carrier Regulations.

5.4    Defendant Time Definite Services Transportation, LLC also failed to adequately monitor, supervise, and/or audit Defendant Paula Dunning as a driver before May 3, 2014.

## F. Negligence and/or Negligence *per se* of Defendant Paula Dunning

6.1    On May 3, 2014, Defendant Paula Dunning was guilty of one or more of the following acts of negligence and/or negligence *per se*, among others, which proximately caused the collision in question and the injuries and damages sustained by Plaintiff.  Defendant Paula Dunning owed a duty to other motorists, including Plaintiff, to operate her vehicle in a reasonable and prudent manner and she failed to do so.  Her negligent acts and/or omissions include, but are not limited to, the following:

(a)    Changing lanes when it was unsafe to do so;

(b)    Failing to maintain proper control of her vehicle as a person using ordinary care would have done under the same or similar circumstances;

(c)    Failing to take proper evasive action;

(d)    Failing to obtain or have the necessary knowledge, training and experience to safely operate her vehicle;

(e)    Failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

App. 8

(f)     Failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

(g)     Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. 383.111;

(h)     Failing to have required skills in vehicle operation in violation of 49 C.F.R. 383.113;

(i)     Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. 390.3;

(j)     Failing to operate her vehicle and equipment in violation of 49 C.F.R. 392.22;

(k)     Operating a vehicle while in a condition likely to cause an accident in violation of 49 C.F.R. 396.7; and

(l)     Operating a vehicle while in violation of Tex. Transp. Code 545.151 and Tex. Transp. Code 545.153.

6.2     All of the above acts and/or omissions, individually or in combination, were a proximate cause of the damages sustained by the Plaintiff.

6.3     These acts by Defendant Paula Dunning constituted negligence and/or negligence *per se* for which Defendant Paula Dunning should be held liable for the serious personal injuries to Plaintiff. Alternatively, the statutes establish the standard of care for a driver.

### G.  Negligence and/or Negligence *Per Se* of Defendant Time Definite Services Transportation, LLC

7.1     Defendant Time Definite Services Transportation, LLC violated numerous federal and state statutes designed to protect and safeguard the motoring public, including the Plaintiff, and Defendant Time Definite Services Transportation, LLC is therefore liable for negligence and/or negligence *per se*.  Such acts and/or omissions were a proximate cause of the damages in question.

App. 9

7.2     On or about May 3, 2014, Defendant Time Definite Services Transportation, LLC was the owner of the truck trailer operated by Defendant Paula Dunning which caused the collision in question.  Prior to and at the time in question, Defendant Time Definite Services Transportation, LLC entrusted its truck trailer to Defendant Paula Dunning for the purpose of operating it on the public streets and highways of Texas. Thereafter, Defendant Paula Dunning operated said truck trailer with the knowledge, consent and permission of Defendant Time Definite Services Transportation, LLC.

7.3     At such time, Defendant Time Definite Services Transportation, LLC knew or should have known that Defendant Paula Dunning was incompetent or unfit to safely operate a truck trailer on public streets and highways in that Defendant Paula Dunning was reckless.

7.4     At such time, Defendant Time Definite Services Transportation, LLC knew, or in the exercise of due care, should have known that Defendant Paula Dunning was an incompetent driver and would create an unreasonable risk of danger to persons or property on public streets and highways in Texas.

7.5     By way of example only, Defendant Time Definite Services Transportation, LLC violated at least the following:

(a)     49 C.F.R. 383.111 (failure to have required knowledge of vehicle operation);

(b)     49 C.F.R. 383.113 (failure to have required skills in vehicle operation);

(c)     49 C.F.R. 390.3 (knowledge and compliance with the regulations);

(d)     49 C.F.R. 390.11 (requiring observance of regulations);

(e)     49 C.F.R. 390.13 (aiding, abetting or encouraging drivers to violate the law); and

(f)     49 C.F.R. 392.2 (operation in accordance with the law.

App. 10

7.6     Defendant Time Definite Services Transportation, LLC was also required to observe those rules and regulations violated by Defendant Paula Dunning as listed above.  The conduct of Defendant Time Definite Services Transportation, LLC in this case was negligence and/or negligence *per se* resulting in damages to the Plaintiff.

7.7     Defendant Time Definite Services Transportation, LLC is also liable for Plaintiff's damages under the doctrine of *Respondent Superior* as Defendant Paula Dunning was driving in the course and scope of her employment as defined by the Federal Motor Carrier Regulations, including 49 C.F.R. §390.5.

### H. Causation

8.1     These acts and/or omissions by the Defendants, singularly or in any combination, were a proximate cause of the collision and the damages and severe injuries suffered by Plaintiff.

### I. Damages

9.1     Plaintiff suffered severe and permanent injuries in this collision.

9.2     From the time of the negligence and other tortuous conduct until the time of trial in this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the past are as follows:

    (a)     The physical pain and suffering that Plaintiff has suffered in the past up to the time of trial;

    (b)     The mental pain and anguish that Plaintiff has suffered in the past up to the time of trial;

    (c)     The disfigurement that Plaintiff has suffered in the past up to the time of trial;

    (d)     The physical impairment that Plaintiff has suffered in the past up to the time of trial;

(e)     The reasonable and necessary medical expenses that Plaintiff has incurred in the past up to the time of trial; and

(f)     The loss of earnings/earning capacity that Plaintiff has incurred in the past up to the time of trial.

9.3     From the time of trial of this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the future are as follows:

(a)     The physical pain and suffering that Plaintiff will suffer in the future from the time of trial;

(b)     The mental pain and anguish that Plaintiff will suffer in the future from the time of trial;

(c)     The physical impairment that Plaintiff will suffer in the future from the time of trial;

(d)     The disfigurement that Plaintiff will suffer in the future from the time of trial;

(e)     The reasonable and necessary medical expenses that Plaintiff will suffer in the future from the time of trial; and

(f)     The loss of earnings/earning capacity that Plaintiff will suffer in the future from the time of trial.

### J.  Demand for Jury

10.1     Plaintiff demands a jury trial.

### K.  Prayer

11.1     For these reasons, Plaintiff prays that upon final trial she have judgment for her actual damages; pre-judgment and post-judgment interest; costs of court; and for all other relief to which she may be entitled.

096-280741-15

Respectfully submitted,

_____

Wade A. Barrow
Texas Bar No. 24031844
barrow@texlawyers.com
Steven C. Laird
Texas Bar No. 11795440
laird@texlawyers.com
**LAW OFFICES OF STEVEN C. LAIRD, P.C.**
1824 8th Avenue
Fort Worth, Texas 76110
817.531.3000 – office
817.923.2228 – facsimile

ATTORNEYS FOR PLAINTIFF

App. 13

096-280741-15

## EXHIBIT "A"

## FIRST SET OF INTERROGATORIES TO
## DEFENDANT PAULA DUNNING

Plaintiff, Janet Claybrook, in accordance with Rule 197 of the Texas Rules of Civil Procedure, files the following Interrogatories.  You are notified that in accordance with this Rule you must file your responses under oath within 50 days after the receipt thereof.

You are also advised that the Texas Rules of Civil Procedure require timely supplementation of your responses under Rule 193.

**INTERROGATORY NO. 1:**
Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**


**INTERROGATORY NO. 2:**
Please state your full name, address, date of birth, telephone number, and your employer at the time of this collision.

**ANSWER:**


**INTERROGATORY NO. 3:**
Where were you coming from and where were you going at the time of the collision as alleged in the Original Petition?

**ANSWER:**


**INTERROGATORY NO. 4:**
Please state if you were employed by Defendant Time Definite Services Transportation, LLC on the date of the collision.  If so, describe your position and when you began working for Defendant Time Definite Services Transportation, LLC. If you were <u>not</u> an employee of Defendant Time Definite Services Transportation, LLC, state the nature of the business relationship between you and Defendant Time Definite Services Transportation, LLC.

**ANSWER:**

App. 14

096-280741-15

**INTERROGATORY NO. 5:**

Please identify what you were delivering, who the goods or materials were being delivered for, and who you were driving for when you were driving the vehicle involved in the collision with Plaintiffs on May 3, 2014.

**ANSWER:**

**INTERROGATORY NO. 6:**

Describe the exact route that you followed from the point where your trip commenced to the point where the collision occurred.

**ANSWER:**

**INTERROGATORY NO. 7:**

Describe the load of the truck trailer for the last 24 hours before the collision, its number of stops, where it stopped, the times of the stops and re-starts, and the load up to the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 8:**

Please state in detail how the collision occurred.  If there is more than one version, state separately and identify its source.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each person who witnessed or claims to have witnessed the collision, or had contact with you or the plaintiff at the scene of the collision.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify each person who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the collision.

**ANSWER:**

App. 15

096-280741-15

**INTERROGATORY NO. 11:**

If you gave a statement, oral or written, to anyone concerning the collision as alleged in the Original Petition, identify the person taking such statement(s).

**ANSWER:**


**INTERROGATORY NO. 12:**

State if the condition of the roads or the weather contributed to the collision, and if so, describe how.

**ANSWER:**


**INTERROGATORY NO. 13:**

Other than the collision in this case, please list all other incidents involving claims of personal injury or property damage in which you have been involved.

**ANSWER:**


**INTERROGATORY NO. 14:**

If you contend that Plaintiff's injuries were caused by some person or entity other than you; please state the factual and legal basis of each such contention.

**ANSWER:**


**INTERROGATORY NO. 15:**

If you contend that Plaintiff was negligent and that her negligence was a cause of her injuries, please state each and every act or omission that you claim constituted negligence on her part.

**ANSWER:**


**INTERROGATORY NO. 16:**

Please state with whom you were employed/under lease agreement within the last five years prior to the collision involving Plaintiff. Please state the place of your employment/lease, supervisors, type of work, and the length of time you were employed/leased at each place of employment, including the type of working arrangement you had with the employer.

**ANSWER:**

App. 16

096-280741-15

**INTERROGATORY NO. 17:**

If you, your agent, your attorneys, insurance company or anyone on your behalf requested and/or received any information from any computer information source or center concerning Plaintiff in this suit, please state the name, address and job title of the person in possession or control of this information, the date of the information was ordered, and the name, address, job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER:**

**INTERROGATORY NO. 18:**

Describe the facility, address, date, time, and purpose of each stop, arrival, and departure you made during the 48 hours immediately preceding the collision.

**ANSWER:**

**INTERROGATORY NO. 19:**

Please list all medications, drugs or alcohol, prescription or non-prescription, legal or illegal, which you had with you at the time of the collision, including dosage, and frequency of any prescriptions taken between May 1, 2015 and May 3, 2014.

**ANSWER:**

**INTERROGATORY NO. 20:**

Please state the medication, drug, or alcohol which you had consumed in the 48 hours before the collision, including dosage(s), amount(s), and time(s) of consumption.

**ANSWER:**

**INTERROGATORY NO. 21:**

Please state whether you completed a driver's accident report form or its equivalent at any time for your employer/leasor detailing the collision of May 3, 2014.

**ANSWER:**

**INTERROGATORY NO. 22:**

Please state whether you were operating, attempting to operate, or answer a cellular telephone or other communication device at the time of or in the immediate five minutes before the collision involving Plaintiff.

**ANSWER:**

App. 17

096-280741-15

**INTERROGATORY NO. 23:**

List all states you primarily operated a commercial motor vehicle in for the 36 months prior to the collision involving Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 24:**

State the earlier of the date in which you were served with this lawsuit, *or* reasonably anticipated litigation in this matter.

**ANSWER:**

096-280741-15

**EXHIBIT "B"**

**FIRST REQUEST FOR PRODUCTION TO
DEFENDANT PAULA DUNNING.**

Plaintiff, in accordance with Rule 196 of the Texas Rules of Civil Procedure, file the following Requests for Production.  You are notified that in accordance with this Rule you must file your answers under oath within 50 days after the receipt thereof.

You are also advised that the Texas Rules of Civil Procedure require timely supplementation of your responses under Rule 193.

**FIRST REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**
Please produce a copy of your driver's license in effect as of the date of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Please produce a copy of the titles to the tractor and trailers driven by you at the time of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Please produce copies of any and all incident reports arising out of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Please produce copies of any written records, documents, memos, papers, notes, correspondence or writings of any kind that support your allegations, if any, that Plaintiff was negligent at the time and on the collision made the basis of this suit.

**RESPONSE:**

096-280741-15

**REQUEST FOR PRODUCTION NO. 5:**
Please produce copies of all employee training information, materials, or manuals pertaining to trucking operations used by you and/or Time Definite Services Transportation, LLC, which were in use or available to you in 2014.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 6:**
Please produce copies of all documentation evidencing driver qualifications, standards, and training required by Defendant Time Definite Services Transportation, LLC, from 2011 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7:**
Please produce copies of all documents showing any driver training or instruction of you in compliance with Defendant Time Definite Services Transportation, LLC's requirements for safe use of motor vehicles, including the date of completion and indication of your performance in each course.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**
Please produce copies of any traffic citations received by you from 2011 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**
Please produce copies of your driving record.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**
Please produce copies of all property damage estimates and repair invoices which you obtained or received as a result of any damage done to the tractor, trailer or property as a result of the collision made the basis of this suit.

**RESPONSE:**

App. 20

096-280741-15

**REQUEST FOR PRODUCTION NO. 11:**

Please produce copies of all contracts of employment between you and Defendant Time Definite Services Transportation, LLC that establish an employer/employee relationship.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Please produce copies of all log books, trip reports and expense sheets regarding the vehicle driven by you at the time of the collision made the basis of this suit from January 1, 2014 to May 31, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of all lease agreements regarding the tractor and/or trailer involved in the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Please produce copies of all insurance agreements between you and any other lessee or lessor of the tractor and/or trailer involved in the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Please produce color copies, duplicate prints or video/DVD copies of all photographs, videotape or other visual representation of the scene of the occurrence made the basis of this suit, or of any of the vehicles or persons involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all documents that specify the contents being shipped in the trailers at the time of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all documents showing violations of any federal or state statute, law or regulation

App. 21

096-280741-05

by the tractor and/or trailers or its driver pertaining to the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
With regard to the tractor and trailers involved in the occurrence made the basis of this suit, please produce the following documents and other items for a period of one month prior to the wreck through one week after the wreck, unless specifically broadened in time (if responsive documents have been produced elsewhere in discovery, please so indicate and duplication is unnecessary):

A.   Registrations and titles;
B.   The log books for the driver and any second driver;
C.   Trip reports;
D.   Expense sheets;
E.   State entry and entrance records;
F.   Check point records;
G.   Fuel receipts;
H.   Bills of lading;
I.   Toll tickets;
J.   Fuel tax records;
K.   Gross receipts tax records;
L.   Federal use tax records;
M.   State permits;
N.   Repair orders for six months before the occurrence made the basis of this suit until the repairs were completed, including all parts and labor used for such repairs and all routine maintenance records;
O.   Log books for any previous drivers of the tractor in question when it was involved in any wreck other than the occurrence made the basis of this suit;
P.   Fuel receipts for the trip being made at the time of the occurrence made the basis of this suit;
Q.   Lodging receipts for the trip being made at the time of the occurrence made the basis of this suit;
R.   Payroll records for each driver on the trip being made at the time of the occurrence made the basis of this suit;
S.   Traffic tickets, warnings issued or any criminal charges or regulatory violations charged or filed against any driver or the defendant motor carrier as a result of the occurrence made the basis of this suit,
T.   Required accident reports which must be made regardless of the possibility of litigation;
U.   Records showing on-board computer recordings of time and/or speed (e.g., "Qual Comm" or similar positioning system);
V.   All dispatch records regarding the trip being made at the time of the occurrence made the basis of this suit; and
W.   Contracts of hire regarding the trip being made at the time of the occurrence made the basis of this suit.

096-280741-15

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**
Please produce the following documents and items (if responsive documents have been produced elsewhere in discovery, please so indicate and duplication is unnecessary):

      A.      Personnel file;
      B.      Record of required driving tests;
      C.      Record of required written tests;
      D.      Disciplinary actions;
      E.      Driver's Qualification File;
      F.      Driving records;
      G.      Payroll records;
      H.      Log books for the six months prior to the occurrence made the basis of this suit;
      I.      Trip receipts for the six months prior to the occurrence made the basis of this suit; and
      J.      Records of all prior or subsequent motor vehicle accidents other than the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**
Please produce all statements whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, made by any party to this lawsuit and/or any witnesses to the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:**
Please produce all statements whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, obtained by any investigator and or claims adjustor which were taken of any person having knowledge of relevant facts which pertain to the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:**
Please produce copies of any and all repair records whether written, typed, and/or maintained on electronic or magnetic tape, file, or form which pertain to the tractor and/or trailers involved in the occurrence made the basis of this suit.

App. 23

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23:**
Please produce copies of any and all reports, documents, printouts, whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, which contain information pertaining to Plaintiff which were obtained from the "South West Index Bureau" or any similar claims-reporting agency or company.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24:**
Please produce copies of any and all reports, documents, printouts, whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, which contain information regarding any past accident, claims, and/or lawsuits that Plaintiff may have been involved in prior to the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25:**
Please produce copies of all photographs, films and/or videotapes made of Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**
Please produce copies of any and all documents whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, which reflect that Plaintiff has made a claim for bodily injury prior to or since the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**
Please produce copies of any and all documents whether written, typed, and/or maintained on electronic or magnetic tape, file, or form, which reflect that Plaintiff has been arrested or convicted of a criminal offense during the 10 years immediately preceding the occurrence made the basis of this suit.

**RESPONSE:**

App. 24

096-280741-15

**REQUEST FOR PRODUCTION NO. 28:**
Please produce copies of all documentation evidencing qualifications, standards, and/or training required by Defendant Time Definite Services Transportation, LLC for its employees who drive tractor-trailers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**
All reservation of rights letters or other documents sent to you by any insurer regarding your insurance coverage for the occurrence made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**
Please produce all driver safety and/or trucking manuals or guidelines utilized by or available to you in 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**
Please produce all maintenance records for the tractor being driven by you at the time of the occurrence made the basis of this suit which have not been produced elsewhere in discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**
Please produce all maintenance records for the trailers being pulled by you at the time of the occurrence made the basis of this suit which have not been produced elsewhere in discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
Please produce all photos of the tractor and/or trailers being driven by you at the time of the occurrence made the basis of this suit, including but not limited to those showing damage sustained in this wreck.

**RESPONSE:**

App. 25

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all documents relating to any wrecks involving your trucks (either owned or leased by you and/or Defendant Time Definite Services Transportation, LLC) other than the occurrence made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35:**

Please produce copies of your income tax returns for the years 2012, 2013, and 2014.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:**

Please produce all reports by you to Defendant Time Definite Services Transportation, LLC, or to any other entity regarding "reportable incidents," as that term is defined in Section 394.3 of the Federal Motor Carrier Safety Regulations within the past five (5) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37:**

Please produce all documents, books, records and papers in the your possession pertaining to the physical and mental health of you including, but not limited to, physical examinations done in accordance with Section 391.41 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38:**

Please produce all reports of violations by you filed by Defendant Time Definite Services Transportation, LLC in compliance with Section 391.27 (a) of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 39**:

Please produce a copy of the front and back of your required medical certificate regarding your physical qualifications required to be a licensed professional truck drive in effect at the time of the collision in question.

**RESPONSE:**

096-280741-15

## EXHIBIT "C"

## FIRST REQUEST FOR ADMISISONS TO
## DEFENDANT PAULA DUNNING

Plaintiff, in accordance with Rule 198 of the Texas Rules of Civil Procedure, files the following Requests for Admissions.  You are notified that in accordance with this Rule you must file your responses under oath within 50 days after the receipt thereof.

You are also advised that the Texas Rules of Civil Procedure require timely supplementation of your responses under Rule 193.

**REQUEST FOR ADMISSION NO. 1:**
Admit to the Court and Jury that you were acting in the scope and course of your employment with Defendant Time Definite Services Transportation, LLC, on May 3, 2014 when the collision with Plaintiff occurred.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit to the Court and Jury that you changed lanes when it was unsafe to do so at the time of the collision on May 3, 2014.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit to the Court and Jury that on May 3, 2014, you were a statutory employee of Defendant Time Definite Services Transportation, LLC, pursuant to § 390.5 of the Federal Motor Carrier's Safety Regulations.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit to the Court and Jury that you were acting in the course and scope of your statutory employment with Defendant Time Definite Services Transportation, LLC at the time of the collision on May 3, 2014.

**RESPONSE:**

---

*Plaintiff's Request for Admissions to Defendant Dunning - Page 1*

App. 27

096-280741-15

**REQUEST FOR ADMISSION NO. 5:**
Admit to the Court and Jury that on May 3, 2014, pursuant to § 376.12(c)(1) of the Federal Motor Carrier's Safety Regulations, you had exclusive possession of the truck and trailer being driven by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit to the Court and Jury that on May 3, 2014, pursuant to § 376.12(c)(1) of the Federal Motor Carrier's Safety Regulations, you had complete responsibility for operation of the truck and trailer being driven by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit to the Court and Jury that your legal name for lawsuit purposes is Paula Dunning.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit to the Court and Jury that the collision occurred at approximately 9:15 p.m. on May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit to the Court and Jury that there was nothing Plaintiff failed to do which contributed to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit to the Court and Jury that there was no act of any non-party which contributed to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit to the Court and Jury that there was nothing that any non-party failed to do which contributed to the collision.

App. 28

096-280741-15

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**
Admit to the Court and Jury that Plaintiff was injured as a result of the collision.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**
Admit to the Court and Jury that photographs were taken by you or your representative of the vehicle driven by you in this collision.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**
Admit to the Court and Jury that photographs were taken by your insurer or its agent of the vehicle driven by you in this collision.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**
Admit to the Court and Jury that the truck being driven by you in this collision was owned by Defendant Time Definite Services Transportation, LLC at the time of the collision.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 16:**
Admit to the Court and Jury that the trailer being driven by you in this collision was owned by Defendant Time Definite Services Transportation, LLC at the time of the collision.

**RESPONSE**:


**REQUEST FOR ADMISSION NO. 17:**
Admit to the Court and Jury that you had permission to drive the truck and trailer which you were driving at the time of the collision.

**RESPONSE:**

App. 29

096-280741-15

**REQUEST FOR ADMISSION NO. 18:**

Admit to the Court and Jury that no one at Defendant Time Definite Services Transportation, LLC audited your log books for accuracy and truthfulness between May 3, 2013 and May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit to the Court and Jury that a supervisor or manager at Defendant Time Definite Services Transportation, LLC did not verify that your log book entries matched the information from any Global Positioning System or similar tracking system regarding times, distances or locations, between May 3, 2013 and May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit to the Court and Jury that you knew that your log book entries were not audited between between May 3, 2013 and May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit to the Court and Jury that you had no annual review by Defendant Time Definite Services Transportation, LLC of your driving record during 2014 before the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit to the Court and Jury that you had no annual review by Defendant Time Definite Services Transportation, LLC of your driving record during 2013.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit to the Court and Jury that you had no annual review by Defendant Time Definite Services Transportation, LLC of your driving ability during 2014 before the incident in question.

**RESPONSE:**

App. 30

**REQUEST FOR ADMISSION NO. 24:**

Admit to the Court and Jury that you had no annual review by Defendant Time Definite Services Transportation, LLC of your driving ability during 2013.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit to the Court and Jury that you had not been given driving instruction by Defendant Time Definite Services Transportation, LLC before May 3, 2014, that would have covered the subject of how to safely drive a truck and trailer in same or similar circumstances surrounding the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit to the Court and Jury that you were required to comply with and be familiar with the requirements of the Federal Carriers Safety Regulations as they existed at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit to the Court and Jury that you were required to comply with and be familiar with the requirements of the Texas Transportation Code as they existed at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit to the Court and Jury that you were served a copy of the lawsuit in this matter before the expiration of the statute of limitations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit to the Court and Jury that you have provided, or will timely provide Plaintiff in discovery, with all of the insurance policy limits information and amounts that are potentially applicable to satisfy a judgment against you, whether the policy covers you and/or Defendant Time Definite Services Transportation, LLC including any excess policies and/or coverages.

**RESPONSE:**

096-280741-15

**REQUEST FOR ADMISSION NO. 30:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC dispatched you to the location you were heading toward when the collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 31:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC did not audit any of your log books for the twelve months before the collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 32:**

Admit to the Court and Jury that there was no act of any third person which contributed to the incident.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 33:**

Admit to the Court and Jury that there was nothing that any third person failed to do which contributed to the collision.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 34:**

Admit to the Court and Jury that a representative of Defendant Time Definite Services Transportation, LLC, other than yourself, was at the scene of the collision that forms the basis of this suit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 35:**

Admit to the Court and Jury that at least two representatives of Defendant Time Definite Services Transportation, LLC, other than yourself, were at the scene of the collision that forms the basis of this suit.

**RESPONSE:**

App. 32

096-280741-15

**REQUEST FOR ADMISSION NO. 36:**

Admit to the Court and Jury that at least three representatives of Defendant Time Definite Services Transportation, LLC, other than yourself, were at the scene of the collision that forms the basis of this suit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 37:**

Admit to the Court and Jury that you were operating under the USDOT authority of Time Definite Services Transportation, LLC at the time of the collision.

**RESPONSE:**

096-280741-15

**EXHIBIT "D"**

**FIRST SET OF INTERROGATORIES**
**TO DEFENDANT TIME DEFINITE SERVICES TRANSPORTATION, LLC**

Plaintiff, Janet Claybrook, in accordance with Rule 197 of the Texas Rules of Civil Procedure, file the following Interrogatories. You are notified that in accordance with this Rule you must file your answers under oath within 50 days after the receipt thereof, and in separate paragraphs to each of the following Interrogatories. You are further notified that these Interrogatories and your sworn answers may be offered into evidence at the trial of the above cause.

You are also advised that the Texas Rules of Civil Procedure require timely supplementation of your answers under Rule 193.

**INTERROGATORY NO. 1:**
Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**
Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER:**

**INTERROGATORY NO. 3:**
Please state the name and address of the owner(s) of the truck trailer that was involved in the incident described in the Plaintiff's Original Petition for damages.

**ANSWER:**

**INTERROGATORY NO. 4:**
Immediately following the incident of May 3, 2014, please state:

App. 34

096-280741-15

    a.      the person at Defendant Time Definite Services Transportation, LLC who was first notified of the accident.

    b.      the date and time this person was notified.

    c.      whether anyone created a written record of the accident, and if so, whom?

    d.      Is this record kept in any Vehicle Accident Investigation File or its equivalent?

    e.      Is this record kept in the ordinary course of business?

**ANSWER:**


**INTERROGATORY NO. 5:**
Describe the load when the truck trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

**ANSWER:**


**INTERROGATORY NO. 6:**
If there is a bill of lading or any other document describing in detail the entire cargo loaded in the tractor-trailer prior to the incident, please list the custodian of each such document, the title of each, the preparer and employer of each and attach a copy of the said document to your responses thereto.

**ANSWER:**


**INTERROGATORY NO. 7:**
Please identify the USDOT number displayed on the truck tractor on the date of the incident.

**ANSWER:**


**INTERROGATORY NO. 8:**
Please state in detail the method of calculating Defendant Paula Dunning's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**ANSWER:**


**INTERROGATORY NO. 9:**
Please state the name, address, telephone number, and title of the individual(s) at Defendant Time Definite Services Transportation, LLC, who would verify pursuant to 49 C.F.R. § 390.3 whether Defendant Paula Dunning was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff.

**ANSWER:**

096-280741-15

**INTERROGATORY NO. 10:**
At the time of this incident, if the tractor-trailer was equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, Terrion Fleet View, or a GPS product manufactured by any other company or other on-board tracking system, please identify the name of the company, their address, their telephone number, and the system which was installed in the truck trailer.

**ANSWER:**


**INTERROGATORY NO. 11:**
Please identify any company, including yourself or any other person or company on its behalf, which maintains a database for its drivers/contractors, including Defendant Paula Dunning, for recording and auditing their logbook entries and verifying if they are in compliance with federal safety regulations or is this function outsourced to another company.

**ANSWER:**


**INTERROGATORY NO. 12:**
If you contend that Plaintiff's injuries were caused by some person or entity other than the Defendants, state the factual and/or legal basis of each such contention.

**ANSWER:**


**INTERROGATORY NO. 13:**
If you contend that Plaintiff was negligent and that her negligence was a cause of her injuries, state each act or omission that you claim constituted negligence on the part of Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 14:**
With respect to the truck and trailer involved in the collision, state each of the following:

> (a)    The owner;
> (b)    The date of acquisition;
> (c)    The make, model and year of the truck;
> (d)    The type, make, model, size and year of the engine;
> (e)    The type of transmission;
> (f)    The make, model, and year of the trailer;
> (g)    The number of gears;
> (h)    The gross weight of the tractor and trailer; and

096-280741-15

(i)      The curb weight of the tractor and trailer.

**ANSWER:**


**INTERROGATORY NO. 15:**
State the earlier of the date in which you were served with this lawsuit, *or* reasonably anticipated litigation in this matter.

**ANSWER:**


**INTERROGATORY NO. 16:**
Identify the person(s) who qualified Paula Dunning to drive for Time Definite Services Transportation, LLC.

**ANSWER:**

App. 37

096-280741-15

**EXHIBIT "E"**

**FIRST REQUEST FOR PRODUCTION
TO DEFENDANT TIME DEFINITE SERVICES TRANSPORTATION, LLC**

Plaintiff, in accordance with Rule 196 of the Texas Rules of Civil Procedure, files the

following Requests for Production.  You are notified that in accordance with this Rule you must

file your answers under oath within 50 days after the receipt thereof.

You are also advised that the Texas Rules of Civil Procedure require timely

supplementation of your responses under Rule 193.

**REQUEST FOR PRODUCTION NO. 1:**
If you had a policy, procedure, program, or manual in place for any of the following at the time
of the collision, please produce a copy of any in place at the time of the collision:

        (a)      a log audit program or policy;
        (b)      a maintenance policy or procedure;
        (c)      a document retention/destruction policy;
        (d)      a dispatch manual;
        (e)      a safety manual; and
        (f)      an operations manual.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Please produce any accident and/or incident reports and investigations prepared by you as a
result of the collision, other than the police report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Please produce the accident register maintained as required in 49 CFR. 390.15(b) to include the
motor vehicle collision with Plaintiff and all accidents three years prior to and including May 3,
2014.

**RESPONSE:**

App. 38

096-280741-15

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents prepared concerning all inspections performed on the tractor and the trailer involved in this collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

Please produce any leases, contracts or other written agreements between you and Defendant Paula Dunning, the owner/operator, or the owner of the tractor or trailer that were in effect for the tractor and/or the trailer on the day of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce the entire drug and alcohol file in your possession, custody or control of Defendant, Paula Dunning, including, but not limited to, pre-employment, post-collision, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 40.323.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce the entire driver investigation history file or its equivalent in your possession, custody or control for Defendant Paula Dunning maintained pursuant to 49 CF 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any other file in your possession, custody or control concerning Defendant, Paula Dunning.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any payroll and benefit records in your possession, custody or control for Defendant, Paula Dunning, for two years prior to the collision to one year after.

**RESPONSE:**

App. 39

096-280741-15

**REQUEST FOR PRODUCTION NO. 10:**
Please produce any cancelled checks of any kind paid by you to Defendant, Paula Dunning, for 12 months prior and 6 months after the collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**
Please produce all records of health insurance claims, disability claims, sickness or doctor's excuses of Defendant, Paula Dunning, for the five years prior to the motor vehicle collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12:**
Please produce all records in your possession, custody or control concerning Defendant, Paula Dunning, for the seven days prior to the collision, for the day of the collision, and for seven days after the collision.  Specifically produce the supporting documents listed below which you are required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A):

        (a)      Bills of lading;
        (b)      Carrier pros;
        (c)      Freight bills;
        (d)      Dispatch records;
        (e)      Driver call-in records;
        (f)      Gate record receipts;
        (g)      Weight/scale tickets;
        (h)      Fuel billing statements and/or summaries;
        (i)      Toll receipts;
        (j)      International registration plan receipts;
        (k)      International fuel tax agreement receipts;
        (l)      Trip permits;
        (m)      Lessor settlement sheets;
        (n)      Port of entry receipts;
        (o)      Cash advance receipts;
        (p)      Delivery receipts;
        (q)      Lumper receipts;
        (r)      Interchange and inspection reports;
        (s)      Over/short and damage reports;
        (t)      Agricultural inspection reports;
        (u)      Commercial Vehicle Safety Alliance reports;
        (v)      Accident reports;
        (w)      Telephone billing statements;
        (x)      Credit card receipts;

App. 40

096-280741-15

(y)   Driver fax reports;
(z)   On-board computer reports;
(aa)  Border crossing reports;
(bb)  Custom declarations;
(cc)  Traffic citations;
(dd)  Overweight/oversize reports and citations; and
(ee)  Any documents directly related to your operation which are retained by you in connection with the operation of its transportation business.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**
Please produce any and all cellular and telephone records and bills in your possession, custody or control of Defendant, Paula Dunning, for the day of the motor vehicle collision with Plaintiff and seven days prior and seven days afterwards.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**
Please produce all credit card bills and receipts in your possession, custody or control for Defendant, Paula Dunning, for the calendar month of the motor vehicle collision with Plaintiff, as well as for the credit card's monthly billing period/cycle in which the collision occurred.  This includes personal credit card purchases for which Defendant, Paula Dunning, applied for or received reimbursement.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**
Please produce copies of any and all fuel tax reports in your possession, custody or control of Defendant, Paula Dunning, for the three months before and the date of this collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**
Please produce any state and federal safety audits in your possession, custody or control for Defendant, Paula Dunning, for the year of this collision and the three years prior.

**RESPONSE:**

App. 41

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all federal and state (including city and county) accident reports filed for Defendant, Paula Dunning, the year of this collision and three years prior.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all DOT inspection reports in your possession, custody or control filed for Defendant, Paula Dunning, for the year of this collision and three years prior.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all long form DOT physicals in your possession, custody or control for Defendant, Paula Dunning, as well as copies of the cards carried by Defendant, Paula Dunning, evidencing the physical exams.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any Seven Day Prior Forms or Eight Day Prior Forms in your possession, custody or control for Defendant, Paula Dunning, for the calendar month of this collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Please produce any DOT, State and company inspections of the tractor involved in the collision for the calendar year of this collision and one year prior.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce any photographs, slides, motion pictures, videotapes, DVDs, drawings or re-creations of any type, or other visual representation taken of the tractor-trailer operated by Defendant, Paula Dunning, at the scene of the collision or anytime after, as well as any such materials showing the scene or Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant, Paula Dunning, for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce copies of any and all satellite communications and email for the day of the collision involving Plaintiffs and seven days prior, as well as all recording ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing and diagnostic module) chronological data with reference to all data available, including but not limited to:

    (a)      trip distance
    (b)      total vehicle driving time
    (c)      load factor
    (d)      vehicle speed limit
    (e)      maximum vehicle speed recorded
    (f)      number of hard brake incidents
    (g)      current engine speed (rpm)
    (h)      maximum and minimum cruise speed limits
    (i)      total vehicle driving distance
    (j)      fuel consumption (gal./hr.)
    (k)      idle time
    (l)      engine governed speed
    (m)      maximum engine speed recorded
    (n)      current throttle position
    (o)      brake switch status (on/off)
    (p)      odometer
    (q)      trip driving time
    (r)      overall fuel economy (MPG)
    (s)      average driving speed
    (t)      number of engine overspeeds
    (u)      number of vehicle overspeeds
    (v)      current vehicle speed (MPH)
    (w)      clutch switch status (on/off)
    (x)      clock
    (y)      jake brake status

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all policies including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

096-280741-15

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26:**
Please produce a copy of documents evidencing the completion or non-completion of any safe driving programs, including the date of completion and indication of his performance in each course, by Defendant, Paula Dunning.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**
Please produce a copy of the driver manual, company handbook or their equivalent issued to Defendant, Paula Dunning.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:**
Please produce a copy of the company safety rules or its equivalent issued to Defendant, Paula Dunning.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**
Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or the trailer involved in the collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**
Please produce the printout(s) from any commercial software program (*e.g.* JJ Keller's LogChecker©) or customized program used to record and audit Defendant Paula Dunning's log book entries for the one year preceding and including the May 3, 2014 motor vehicle collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31:**
Please produce any internal policies and procedures, pamphlets, handouts, videos, DVD's or similar materials related to safety and/or the operation of motor vehicles that you had in effect **or**

App. 44

used to train drivers on the date of the collision, whether actually provided to any of your drivers, dispatchers, safety directors, operation managers, and/or auditors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**
Please produce the dispatch and communication records between dispatch and Defendant, Paula Dunning, for the six month time period before the collision through the time of the delivery of the load involved in the collision, including, but not limited to, telephone records, emails, or other electronic communication records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
Please produce any on-board data records (*e.g.*, black boxes, engine data records, or electronic control modules) and any electronic data, printout or analysis of information from such devices relating to the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**
Please produce any electronic or satellite vehicular movement recordings, documents, or other records, whether created or maintained by you or a by a third party on your behalf, such as QualCom, HighwayMaster, American Mobile Satellite Corp., or any similar organization or any otherwise described documents generated by whatever means that documents the physical movements and/or geographic locations of any tractor being operated by Defendant Paula Dunning, for the six month period prior to the collision through delivery of the load being carried at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**
Please produce a blank form of each and every operational document utilized, regarding the operation of vehicles or equipment or supposed to be utilized by you or your drivers, in effect on the date of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Please produce the factual portion of your internal investigation of this incident, including, but not limited to, determination of whether the accident was chargeable against Defendant Paula Dunning.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Please produce any accident files, records and reports of this incident sent by, or on behalf of, you to the DOT and/or any other governmental or regulatory entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any contracts, leases or other written agreements between you and Defendant, Paula Dunning, the owner/operator, or owner of the tractor or trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

Please produce any logs created by or on behalf of you kept, official or unofficial, for the entire month of the collision with Plaintiff and six months prior.  This includes any of Defendant Paula Dunning's daily logs as well as any 70-hour summaries created by her.  (NOTE: If Defendant Paula Dunning's operation was limited to within 100 air miles of dispatch, then all time records for the driver created pursuant to Federal Motor Carrier Safety Regulation 395.1(e)(5) for the six-month time period preceding the collision through the day of the collision.)

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with relevant knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the year of such conviction, the Court of such conviction, and the same sentence involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any records or documentation (medical or non-medical) concerning Defendant, Paula Dunning, which would indicate that Defendant, Paula Dunning, was using alcohol and/or

drugs (including prescript or non-prescription, legal or illegal) within forty-eight (48) hours prior to the collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 42:**
Please produce any records or documentation (medical or non-medical) concerning Defendant Paula Dunning, which would indicate that Defendant, Paula Dunning, was using alcohol and/or drugs (including prescript or non-prescription, legal or illegal) at the time of or immediately following the collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 43:**
Please produce any records or documentation (medical or non-medical), which would indicate that Defendant, Paula Dunning, was a regular user of any illegal substance(s) within one (1) year preceding the collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 44:**
With respect to the tractor involved in this collision, please provide the following:

(a)      All maintenance reports and records;
(b)      All property damage estimates;
(c)      All repair orders;
(d)      All repair invoices;
(e)      Purchase, registration, and the title information;
(f)      Documents reflecting repair expenditures;
(g)      All trip reports and log books;
(h)      Expense sheets;
(i)      State entry and entrance records;
(j)      Check point records;
(k)      Fuel receipts;
(l)      Toll tickets;
(m)      Fuel tax records;
(n)      Gross receipts tax records;
(o)      State permits;
(p)      All records indicating the vehicle in question was involved in any type of collision;
(q)      All records indicating the vehicle in question suffered damage for any response;

App. 47

096-280741-15

(r)     Repair orders for six months before the collision until the repairs were completed, including all parts and labor used for such repairs and all routine maintenance records;

(s)     Log books for any previous drivers of the tractor in question when it was involved in any collision other than the collision made the basis of this suit; and

(t)     If you have a "vehicle" file pertaining to this vehicle, please produce the entire file.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 45:**
Please produce a copy of any company vehicle use records for the sixty (60) days preceding and including May 3, 2014, for the truck involved in this collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 46:**
Please produce all employment records concerning Defendant, Paula Dunning, including the complete personnel files, medical records, and driving records, including, but not limited to, the following:

(a)     Annual review of driving records;
(b)     Application for Employment;
(c)     Contracts of employment that establish an employer/employee relationship;
(d)     Responses from state agencies and past employers concerning Defendant Paula Dunning's driving record;
(e)     All road test records relating to Defendant, Paula Dunning;
(f)     All medical examiners' certificates relating to Defendant, Paula Dunning;
(g)     Physical examinations done in accordance with Section 391.41 of the Federal Motor Carrier Safety Regulations;
(h)     List of driver's violations;
(i)     Record of required driving tests;
(j)     Record of required written tests;
(k)     Any accident reports; and
(l)     Any documents relating to any type of drug use by Defendant, Paula Dunning.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 47:**
Please produce any contract, agreement or documentation between you and any other entity which states or explains the working and/or employment and/or leasing arrangements between you and any other entity at the time of the collision.

App. 48

096-280741-15

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48:**
Please produce a copy of all documents evidencing any type of relationship between you and Defendant Paula Dunning existing since January 1, 2010. This would also include, but is not limited to, any documents between you and Defendant, Paula Dunning, regarding drivers of eithercompany, payments, supervision, dispatching, bonds, duties, routes, job descriptions, objectives, payments, or sharing/using equipment or drivers.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 49:**
Please produce any documentation concerning Defendant, Paula Dunning, involving disciplinary actions, demerits, reprints, or incidents indicating less than satisfactory job performance.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:**
Please produce all manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Defendant, Paula Dunning, at the time of the collision.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:**
Please produce any records, notes, files, memoranda or other similar documentation indicating an awareness on your part that Defendant, Paula Dunning, was an unsafe driver.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 52:**
Please produce all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named Defendants with respect to this claim.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 53:**
Please produce any written, taped or mechanically reproduced/recorded statement, testimony, or videotape of any person named in responsive discovery of any party either as someone with

App. 49

knowledge of relevant facts or as an expert, which was given or taken <u>before</u> you had a good faith belief to reasonably anticipate a substantial chance that litigation would ensure in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**
Please produce any reports, memoranda, documents or materials of any type containing information concerning any type of investigation including, but not limited to, obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance; following; eavesdropping; or interviewing persons) of Plaintiff or of any person named in responsive discovery by any party as a person with knowledge of relevant facts or as an expert which was performed by, for, or on behalf of you, your insurer(s), any adjusting company or any investigator concerning any liability or damages claims of Plaintiff as outline in Plaintiff's latest original or amended pleadings on file which were prepared <u>before</u> you had a good faith belief to reasonably anticipate that there was a substantial change that litigation would ensue in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**
Please produce any correspondence, memoranda, statements, tape recordings (or transcript thereof), wire reports, investigation reports, close-out reports, summaries or any other documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form), as well as any other tangible things which were prepared or received by you, your agents, servants, employees, or representatives, (including, but not limited to, insurance carriers, adjusting companies, or investigators) <u>before</u> you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case, which reflect the following:

    (a)      Plaintiff(s) physical or mental condition before the collision;
    (b)      The earning capacity of Plaintiff(s) before the collision;
    (c)      Plaintiff(s)' ability to work before the collision;
    (d)      Any indemnity reserve relating to the claimed injury of Plaintiff(s);
    (e)      Any investigation performed by or on behalf of you concerning Plaintiff or his spouse, including, but not limited to, photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following eavesdropping, or interviewing persons;
    (f)      Evaluations or analysis of the character or personality of Plaintiff(s) or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

App. 50

      (g)      Evaluations or analysis of Plaintiff(s) and Plaintiffs' legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal skills or expertise;

      (h)      The settlement value or potential judgment of this case;

      (i)      Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party; and

      (j)      Whether some other person, party or entity other than you caused the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of the Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings (or transcript thereof), wire reports, investigation reports, close-out reports, summaries or any other documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotaped recordings and any other data compilations from which information can be obtained and any other tangible things which you contend showed an outward manifestation which would indicate that there was substantial chance that litigation would ensue.

      A.      Please produce all correspondence, memoranda, statements, tape recordings (or transcript thereof), wire reports, investigation reports, close-out reports, summaries or any other documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotaped recordings and any other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form) which indicate, show, support, or upon which you intend to rely concerning a good faith belief that litigation would ensue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

Please produce any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages being claimed on behalf of Plaintiff.

**RESPONSE:**

**REQUEST FORPRODUCTION NO. 58:**

Please produce any and all documents and information regarding Defendant, Paula Dunning's attendance at the various ethics/safety meetings, which information is kept in your computer database.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 59:**

Please produce copies of any and all work papers, supporting documentation, letters and reports generated and forwarded to your accountants, auditors, accounting firms or financial reporting firms, claims managers, risk managers, and which were used for the purpose of estimating, calculating, or formulating opinions regarding contingent liabilities related to litigation or personal injury claims received during the calendar years 2004 through 2014.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 60:**

Please produce a copy of the titles to the tractor and trailer driven by Defendant, Paula Dunning, at the time of the collision made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 61:**

Please produce copies of all written records, documents, memos, papers, notes, correspondence or writings of any kind that support Defendant's allegations, if any, that Plaintiff was negligent at the time of the collision.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 62:**

Please produce copies of all employee training information, materials or manuals pertaining to trucking operations used by Defendant, Paula Dunning, and/or you which were in use or available to Defendant, Paula Dunning, in 2014.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 63:**

Please produce copies of any documentation evidencing driver qualifications, standards, and training required by you from 2010 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 64:**

Please produce a copy of Defendant Paula Dunning's driver's license in effect as of the date of the collision made the basis of this suit.

096-280741-15

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 65:**
With respect to the trailer involved in this collision, please provide the following:

     (a)      All maintenance reports and records;
     (b)      All property damage estimates;
     (c)      All repair orders;
     (d)      All repair invoices;
     (e)      Purchase, registration, and the title information;
     (f)      Documents reflecting repair expenditures;
     (g)      Expense sheets;
     (h)      State entry and entrance records;
     (i)      Check point records;
     (j)      Fuel receipts;
     (k)      Toll tickets;
     (l)      Fuel tax records;
     (m)     Gross receipts tax records;
     (n)      State permits;
     (o)      All trip reports and log books;
     (p)      All records indicating the vehicle in question was involved in any type of collision;
     (q)      All records indicating the vehicle in question suffered damage for any response;
     (r)      Repair orders for six months before the collision until the repairs were completed, including all parts and labor used for such repairs and all routine maintenance records;
     (s)      Log books for any previous drivers of the tractor in question when it was involved in any collision other than the collision made the basis of this suit; and
     (t)      If you have a "vehicle" file pertaining to this vehicle, please produce the entire file.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 66:**
Please produce any documents that specify the contents being shipped in the trailers at the time of the collision made the basis of this suit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 67:**
Please produce any documents showing violations of any federal or state statute, law or regulation by tractor and/or trailer or Defendant, Paula Dunning, pertaining to the collision made the basis of this suit.

App. 53

096-280741-15

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**
Please produce any traffic tickets, warnings issued or any criminal charges or regulatory violations charged or filed against Defendant, Paula Dunning, or you as a result of the collision on May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**
Please produce any reports, documents, printouts, whether written, typed, and/or maintained in electronic format, which contain information pertaining to Plaintiff which were obtained from the "South West Index Bureau" or any other similar claims-reporting agency or company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**
Please produce any reports, documents, printouts, whether written, typed, and/or maintained in electronic format, which contain information regarding any past accident, claims, and/or lawsuits that Plaintiff may have been involved in prior to the collision on May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**
Please produce any documents whether written, typed, and/or maintained in electronic format which reflect that Plaintiff have made a claim for bodily injury prior to the collision on May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**
Please produce any reservation of rights letters or other documents sent to you by any insurer regarding your insurance coverage for the collision on May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**
Please produce any policies and procedures manuals in effect since 2010, to the extent they differ from those produced in response to Request for Production No. 31.

**RESPONSE:**

App. 54

**REQUEST FOR PRODUCTION NO. 74:**

Please produce your income tax returns for the years 2010, 2011, 2012, 2013 and 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**

Please produce any reports by you or to any other entity regarding "reportable incidents," as that term is defined in Section 394.3 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**

Please produce any reports of violations by Defendant, Paula Dunning filed by you in compliance with Section 391.27 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**

Please produce any electronic and/or written or recorded information between Defendant, Paula Dunning, and you from April 3, 2014 to May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**

Please produce the Driver Qualification File, required to be created and maintained by the Federal Motor Carrier Safety Regulations (Parts 382 and 391) for Defendant, Paula Dunning, including, but not limited to:

    (a)      Pre-employment Questionnaire;
    (b)      Application for Employment;
    (c)      All medical examinations and certification of medical examination cards;
    (d)      Driver's violation statements for each twelve months of employment;
    (e)      Driver's road test;
    (f)      Driver's written test;
    (g)      Road and written test certifications issued by you or other organizations;
    (h)      All past employment inquiries sent to former employers and their responses;
    (i)      Inquiries and answers to driver's license records of violations and accidents directed to, and received from any state agencies; and
    (j)      Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification and any other cards given to Defendant, Paula Dunning, by you or any other motor carrier.

App. 55

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**

Please produce any Operational or Run Documents ("Run" refers to the transportation and/or movements of a tractor/trailer, regardless of load size or type or whether empty or unloaded, from a point of origin to final destination, including all stops in between) grouped by each separate trip made by Defendant, Paula Dunning, from six months before the date of the collision through the time that the cargo on the trailer involved in the collision was actually delivered. These include, but are not limited to:

    (a)    Driver's trip envelopes and/or trip reports, daily loads or work reports, fuel purchased reports, or any reports made by a driver to you, including daily, weekly or monthly cargo transported, time or distance work records;

    (b)    Receipts for any trip expenses or purchases regardless of type, such as fuel, food, lodging, equipment maintenance or repair, special or oversize permits, bridge or toll road, loading or unloading, or other receipts;

    (c)    Cargo pickup or delivery orders prepared by you, Defendant, Paula Dunning, brokers, involved shippers or receivers, motor carriers, drivers, or other person or organizations;

    (d)    All bills of lading and/or manifests prepared or issued by any shippers, brokers, transporting motor carriers, receivers of cargo, you or Defendant, Paula Dunning; this also includes copies of bills of lading and manifests that show signed receipts for cargo along with dates and times of cargo pickup and delivery;

    (e)    All equipment or cargo loading, unloading or detention records along with any other documents showing pickup and delivery dates and times or detention of equipment or cargo;

    (f)    All freight bills, including cargo pickup and delivery copies;

    (g)    All written or electronic instructions, orders, or advice given to Defendant, Paula Dunning, in reference to cargo transported, routes to travel, pickup or delivery times by you or Defendant, Paula Dunning, shippers, receivers, or other persons or organizations;

    (h)    Dispatch records (written or electronic) indicating assignment of equipment and drivers to cargo pickup and delivery, dates and times of pickup and delivery and any other related factors;

    (i)    Any call in records or other written or electronic records indicating communications between you and Defendant, Paula Dunning, in reference to the movement of cargo, or the day-to-day operations of the equipment and/or driver;

    (j)    Any accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo.  Copies of both the front and back of canceled checks are requested;

    (k)    Any initial or rough driver's trip check-in settlement sheets along with all final accounting documents, and computer printouts showing expenses and payments to Defendant, Paula Dunning, in reference to a trip or trips;

App. 56

096-280741-15

(l)     Any fuel, mileage and purchase reports or records that you or Defendant Paula Dunning created;

(m)     Com Check, Cash Control or similar service records and copies of front and back of all checks received or disbursed in reference to the transportation performed regardless of disbursement reason, inclusive of all checks to Defendant, Paula Dunning;

(n)     Any computer printouts of purchases, withdrawals, advances, or other transactions that was provided to you by, or is available from, others, including, but not limited to, Com Check or Cash Control Corp., listed by driver name or number or truck number, including all available information such as the location and time of fuel purchases and mileage for the dates indicated;

(o)     Any special or oversize permits and related documents/requests issued to, or by, any state agency to transport cargo over their territories regardless of the form of the permit; and

(p)     Any other "trip related documents" created by you or Defendant, Paula Dunning, or any other persons or organizations but not defined herein, in the position of any of the Defendants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 80:**

Please produce any Driver Personnel File and/or any otherwise titled files that contain documents directed to, received from, or about Defendant, Paula Dunning, including, but not limited to:

(a)     Hiring, suspension, termination or warning notices and any other disciplinary type documents;

(b)     Prior industrial, vehicular, cargo or other types of accidents or loss reports inclusive of cargo loss or shortage reports, and related documents to each incident;

(c)     Federal Motor Carrier Safety Regulations or other law enforcement terminal or roadside equipment or driver inspections, reports, traffic citations, and traffic warnings;

(d)     Training files; and

(e)     Any other documents, regardless of origin or subject, maintained by you in reference to Defendant, Paula Dunning.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**

Please produce any audits of Defendant Paula Dunning's logs, on-duty and driving time that you created during the six month period before the collision through the delivery of the cargo being hauled at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**

Please produce any DOT audits of your operation, and exit reports to you, in the five years before the collision and any since the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**

Please produce the complete maintenance files on the tractor and on the trailer involved in the collision, including, but not limited to, any inspections, repairs or maintenance, as well as daily pre-trip inspection reports for the six month period prior to the collision through the time of the return of the tractor and trailer to service following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:**

Provide the title page, index, and table of contents for the software program user guides used by your company, its employees and agents to:

    a)     Dispatch your driver;

    b)     Keep track or monitor of the truck or trailer's whereabouts;

    c)     Monitor, record, or track the driver's hours of service;

    d)     Keep track or monitor detention charges for your driver;

    e)     Save any hours of service supporting documents for your driver;

    f)     Communicate to your driver (whether by email, text or other);

    g)     Audit your driver's logs;

    h)     Perform any safety audit of the driver;

    i)     Monitor your truck or trailer's speed;

    j)     Monitor or track your driver's safety training;

    k)     Track any maintenance to the truck or trailer;

    l)     Send, save, monitor, or track any communication to or from any dispatcher, employee, or agent of your company involving your driver or the tractor or trailer he was driving at the time of the wreck, the week before, the day of, and the day after the wreck regarding any matter;

    m)    Monitor, record or track your driver's vehicle inspections; and

    n)    Monitor, record, and track any roadside inspections of the driver , truck, or trailer by any governmental entity.

App. 58

096-280741-15

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:**
Copies of all Safety Reviews conducted in the five years preceding May 3, 2014 as required by the FMCSR.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:**
Copies of all Compliance Reviews conducted in the five years preceding May 3, 2014 as required by the FMCSR.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:**
Copies of all out of service orders issued to Time Definite Services Transportation, LLC, in the five years preceding May 3, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:**
Copies of all certified public records and/or reports which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 803(8) and/or Rule 902(4) and/or Rule 1005.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:**
Copies of all market reports, commercial publications, or published compilations which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 803(17).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:**
Copies of all relevant portions of all learned treatises which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 803(18).

**RESPONSE:**

096-280741-15

**REQUEST FOR PRODUCTION NO. 91:**
Copies of all official publications which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 902(5).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:**
Copies of all newspapers and periodicals which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 902(6).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:**
Copies of all summaries which you intend to bring to the attention of the jury or a witness at trial pursuant to Tex. R. Evid. 1006.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:**
Pursuant to Rule 203.3(c) of the Tex. R. Civ. P., please produce copies of all transcripts of depositions upon written questions taken by you in this case and any documents obtained via the deposition upon written question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:**
Any policies and procedures regarding co-drivers in effect at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:**
If you maintain a driver qualification file for Robert Scott, please produce it.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 97:**
Please produce any logs created by or on behalf of you kept, official or unofficial, for the entire month of the collision with Plaintiff and six months prior.  This includes any of Robert Scott's daily logs as well as any 70-hour summaries created by her.  (NOTE: If Defendant Robert Scott's operation was limited to within 100 air miles of dispatch, then all time records for the

App. 60

096-280741-15

driver created pursuant to Federal Motor Carrier Safety Regulation 395.1(e)(5) for the six-month time period preceding the collision through the day of the collision.)

**RESPONSE:**

App. 61

096-280741-15

EXHIBIT "F"

**FIRST REQUEST FOR ADMISISONS TO**
**DEFENDANT TIME DEFINITE SERVICES TRANSPORTATION, LLC**

Plaintiff, in accordance with Rule 198 of the Texas Rules of Civil Procedure, files the following Requests for Admissions.  You are notified that in accordance with this Rule you must file your responses under oath within 50 days after the receipt thereof.

You are also advised that the Texas Rules of Civil Procedure require timely supplementation of your responses under Rule 193.

**REQUEST FOR ADMISSION NO. 1:**
Admit to the Court and Jury that Paula Dunning was acting in the scope and course of her employment with Defendant Time Definite Services Transportation, LLC on May 3, 2014, when the collision with Plaintiff occurred.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit to the Court and Jury that Time Definite Services Transportation, LLC is properly named in this suit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3**:
Admit to the Court and Jury that on May 3, 2104, Paula Dunning was a statutory employee of Defendant Time Definite Services Transportation, LLC pursuant to § 390.5 of the Federal Motor Carrier's Safety Regulations.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit to the Court and Jury that Paula Dunning was acting in the course and scope of her statutory employment with Defendant Time Definite Services Transportation, LLC at the time of the collision on May 3, 2014.

**RESPONSE:**

---

096-280741-15

**REQUEST FOR ADMISSION NO. 5:**

Admit to the Court and Jury that on May 3, 2014, pursuant to § 376.12(c)(1) of the Federal Motor Carrier's Safety Regulations, Defendant Time Definite Services Transportation, LLC owned the trailer being driven by Paula Dunning that was involved in the accident in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit to the Court and Jury that your legal name for lawsuit purposes is Time Definite Services Transportation, LLC.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit to the Court and Jury that the collision occurred at approximately 9:15 p.m. on May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit to the Court and Jury that there was nothing Plaintiff failed to do which contributed to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit to the Court and Jury that there was no act of any non-party which contributed to the incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit to the Court and Jury that there was nothing that any non-party failed to do which contributed to the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit to the Court and Jury that Plaintiff was injured as a result of the collision.

App. 63

096-280741-15

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**
Admit to the Court and Jury that photographs were taken by you or your representative of the vehicle driven by Paula Dunning in this collision.


**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**
Admit to the Court and Jury that photographs were taken by your insurer or its agent of the vehicle driven by Paula Dunning in this collision.


**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14**:
Admit to the Court and Jury that the trailer being driven by Paula Dunning.in this collision was owned by Time Definite Services Transportation, LLC at the time of the collision.


**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**
Admit to the Court and Jury that Paula Dunning had permission to drive the truck and trailer which she was driving at the time of the collision.


**RESPONSE:**


**REQUEST FOR ADMISSION NO. 16:**
Admit to the Court and Jury that no one at Defendant Time Definite Services Transportation, LLC audited Paula Dunning's log books for accuracy and truthfulness between May 3, 2013 and May 3, 2014.


**RESPONSE:**


**REQUEST FOR ADMISSION NO. 17:**
Admit to the Court and Jury that no one at Defendant Time Definite Services Transportation, LLC verified that Paula Dunning's log book entries matched the information from any Global Position System or similar tracking system regarding times, distances or locations between May 3, 2013 and May 3, 2014.

**RESPONSE:**

App. 64

096-280741-15

**REQUEST FOR ADMISSION NO. 18:**

Admit to the Court and Jury that a supervisor or manager at Defendant Time Definite Services Transportation, LLC did not verify that Paula Dunning's log book entries matched the information from any Global Positioning System or similar tracking system regarding times, distances or locations, between May 3, 2013 and May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit to the Court and Jury that you knew that Paula Dunning's log book entries were not audited between May 3, 201 and May 3, 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC had no annual review of Paula Dunning's driving record during 2014 before the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC had no annual review of Paula Dunning's driving record during 2013.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC had no annual review of Paula Dunning's driving ability during 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC had no annual review of Paula Dunning's driving ability during 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit to the Court and Jury that Time Definite Services Transportation, LLC gave driving instruction to Paula Dunning before May 3, 2014, that would have covered the subject of how to safely drive a truck and trailer in same or similar circumstances surrounding the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC had not given driving instruction to Paula Dunning before May 3, 2014, that would have covered the subject of how to safely drive a truck and trailer in same or similar circumstances surrounding the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit to the Court and Jury that Paula Dunning had been given driving instructions by Defendant Time Definite Services Transportation, LLC before May 3, 2014, that every commercial motor vehicle must be operated in accordance with the laws of the jurisdiction in which it is being operated.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit to the Court and Jury that Paula Dunning was required to comply with and be familiar with the requirements of the Federal Carriers Safety Regulations as they existed at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit to the Court and Jury that Paula Dunning was required to comply with and be familiar with the requirements of the Texas Transportation Code as they existed at the time of the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit to the Court and Jury that Time Definite Services Transportation, LLC was served a copy of the lawsuit in this matter before the expiration of the statute of limitations.

096-280741-15

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 30:**

Admit to the Court and Jury that you have provided, or will timely provide Plaintiff in discovery, with all of the insurance policy limits information and amounts that are potentially applicable to satisfy a judgment against you, whether the policy covers Paula Dunning or Defendant Time Definite Services Transportation, LLC, including any excess policies and/or coverages.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 31:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC dispatched Paula Dunning to the location she was heading toward when the collision with Plaintiff occurred.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 32:**

Admit to the Court and Jury that Defendant Time Definite Services Transportation, LLC did not audit any of Paula Dunning's log books for the twelve months before the collision with Plaintiff.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 33:**

Admit to the Court and Jury that there was no act of any third person which contributed to the incident.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 34:**

Admit to the Court and Jury that there was nothing that any third person failed to do which contributed to the collision.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 35:**

Admit to the Court and Jury that Paula Dunning was operating under the USDOT authority of Time Definite Services Transportation, LLC at the time of the collision.

**RESPONSE:**

---

App. 67

096-280741-15

**REQUEST FOR ADMISSION NO. 36:**
Admit to the Court and Jury that there were no non-human conditions that contributed to this incident.

**RESPONSE:**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 096-280741-15 _____ COURT (FOR CLERK USE ONLY): _____

STYLED Janel Claybrook v. Paula Dunning and Time Definite Services Transportation, LLC _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: 3 | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Wade Barrow | **Email:**<br>barrow@txlawyers.com | **Plaintiff(s)/Petitioner(s):**<br>Janel Claybrook | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| **Address:**<br>1824 8th Avenue | **Telephone:**<br>817-531-3000 | **Defendant(s)/Respondent(s):**<br>Paula Dunning | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| **City/State/Zip:**<br>Fort Worth, Texas 76110 | **Fax:**<br>817-923-2228 | Time Definite Services Transportation, LLC | Non-Custodial Parent: |
| **Signature:** | **State Bar No:**<br>24031844 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br><br>☐Other Injury or Damage: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | **Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | | *Probate & Mental Health* | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

# EXHIBIT B-2

Steven C. Laird
laird@texlawyers.com

**Board Certified**
· Personal Injury Trial Law by the
  Texas Board of Legal Specialization

· Civil Trial Law by the
  Texas Board of Legal Specialization

· Civil Trial Law Specialist by the National
  Board of Trial Advocacy

L A W   O F F I C E S   O F
———————— ✰ ————————
S T E V E N   C.   L A I R D,   P.C.

Wade A. Barrow
barrow@texlawyers.com

**Board Certified**
· Personal Injury Trial Law by the
  Texas Board of Legal Specialization

· Civil Trial Law Specialist by the National
  Board of Trial Advocacy

September 1, 2015

Tarrant County District Court
Tom Vandergriff Civil Courts Building
100 N. Calhoun Street
Fort Worth, Texas 76196

> Re:   *Janet Claybrook v. Paula Dunning and Time Definite Services Transportation*

Dear Clerk:

Enclosed please find Plaintiff's Original Petition with Written Discovery regarding the above-referenced matter.

After filing this lawsuit with the Court, please return the citation for Time Definite Services Transportation to our office, so we may obtain service on the Defendant. Please forward two copies of the citation and petition to the Texas Transportation Commission via certified mail, so they may obtain service on Paula Dunning.

If you have any questions or comments concerning this or any other matter, please do not hesitate to contact me at the number listed above.

Sincerely,

Cindy A. Turley
Legal Assistant to Wade A. Barrow

:cat
enclosures

**EXHIBIT B-3**          App. 70

Cause Number 096-280741-15

JANET CLAYBROOK                                    TIME DEFINITE SERVICES
                                         VS        TRANSPORTATION, LLC, ET AL

OFFICER'S RETURN

Received this __Citation By Certified Mail__ on the 2nd day of September, 2015 at 8:23 AM ; and executed at

__To and through the Commissioner Of Insurance, 333 Guadalupe, Austin, Texas 78701__

within the county of _____ State of FL on the 17th day of September, 2015 by mailing to

the within named __PAULA DUNNING__ a true copy of this __Citation By Certified Mail__

together with the accompanying copy of:

__PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY__

_____

_____

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN

FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By  Deputy

Fees $ 75.00            LISA LETBETTER

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____

to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

```
*09628074115000014*
```

**EXHIBIT B-4**

App. 71

FILED
TARRANT COUNTY

2015 SEP 22   AM 11: 58

THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| | |
|---|---|
| *CITATION* | *Cause No. 096-280741-15* |

JANET CLAYBROOK
VS.
TIME DEFINITE SERVICES TRANSPORTATION, LLC, ET AL
To and through the Texas Transportation Commission, 125 E 11th St, Austin, Texas 78701-2483
TO: PAULA DUNNING

1215 HWY 179 BONIFAY, FL 32425-

SERVICE OF PROCESS MAY BE HAD UPON DEPENDANT BY DELIVERING TO THE TEXAS TRANSPORTATION COMMISSION, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 96th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JANET CLAYBROOK

Filed in said Court on September 1st, 2015 Against
TIME DEFINITE SERVICES TRANSPORTATION LLC, PAULA DUNNING

For suit, said suit being numbered 096-280741-15 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY a copy of which accompanies this citation.

2015 SEP 22 AM 11:59 FILED TARRANT COUNTY THOMAS A. WILDER DISTRICT CLERK

---

WADE A BARROW
Attorney for JANET CLAYBROOK Phone No. (817)531-3000
Address 1824 8TH AVE FORT WORTH, TX 76110

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 2nd day of September, 2015.
By _____ Deputy
MARINELL JOYNER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY having first endorsed on same the date of delivery.

_____

_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

7014 3490 0000 3299 760B

App. 73

**U.S. Postal Service™**
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Postage | $ | 6.35 |
| Certified Fee | | 3.45 |
| Return Receipt Fee (Endorsement Required) | | 2.80 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 12.66 |

Postmark Here

SEP 0 2015

FT. WORTH TX MAIL PRESORT

USPS

PAULA DUNNING
B/S TEXAS TRANS COMISSION
125 E 11TH ST
AUSTIN TX 78701-2483
096 280741 15/DP/MJ/CM

7014 3490 0000 3299 7608

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PAULA DUNNING
B/S TEXAS TRANS COMISSION
125 E 11TH ST
AUSTIN TX 78701-2483
096 280741 15/DP/MJ/CM

9590 9401 0019 5168 5263 07

2. Article Number (Transfer from service label)

7014 3490 0000 3299 7608

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
CANDY YOST   SEP 17 2015

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

FILED
TARRANT COUNTY
2015 SEP 22 AM 11: 59
THOMAS A. WILDER
DISTRICT CLERK

---

## CITATION

Cause No. 096-280741-15

JANET CLAYBROOK

VS.

TIME DEFINITE SERVICES TRANSPORTATION, LLC, ET AL

ISSUED

This 2nd day of September, 2015

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       MARINELL JOYNER Deputy

WADE A BARROW
Attorney for: JANET CLAYBROOK
Phone No. (817)531-3000
ADDRESS: 1824 8TH AVE

FORT WORTH, TX 76110

*CIVIL LAW*

*096280741150000014*

App. 74

FILED
TARRANT COUNTY
9/25/2015 1:10:09 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-280741-15

| | | |
|---|---|---|
| JANET CLAYBROOK | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 96th JUDICIAL DISTRICT |
| | § | |
| PAULA DUNNING AND | § | |
| TIME DEFINITE SERVICES | § | |
| TRANSPORTATION, LLC | § | TARRANT COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT
## TIME DEFINITE SERVICES TRANSPORTATION, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Time Definite Services Transportation, LLC, Defendant (hereinafter referred to as "Defendant") in the above-styled and numbered cause, and files this, its Original Answer in this proceeding and in support hereof respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

Defendant generally denies, each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof, as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition by a preponderance of the evidence pursuant to Rule 92 of the Texas Rules of Civil Procedure.

**EXHIBIT B-5**                                                      App. 75

096-280741-15

## II.
## JURY DEMAND

Defendant demands a jury trial and tenders the fee herewith.

## III.
## RULE 193.7 NOTICE

Defendant intends to use those documents produced by all parties during discovery upon the trial of this case and hereby provides all parties notice of that intent pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## IV.
## AFFIRMATIVE DEFENSES

1.     Further answering, if same be necessary, Defendant would show that the occurrence made the basis of this suit, and any injuries related thereto were caused by the sole and/or proximate and/or contributing and/or comparative fault or negligence of Plaintiff.

2.     Further answering, if same be necessary, Defendant would show by way of affirmative defense that the incident made the basis of this suit, and any damages related thereto, was the sole and/or proximate and/or comparative result of the sole and/or contributory and/or comparative negligence of the Plaintiff.

3.     Further answering, if same be necessary, Defendant asserts that the incident made the basis of this suit was the result of the contributory and/or comparative and/or sole negligence of the Plaintiff, and that such

App. 76

negligence was the proximate and/or contributing cause, in whole or in part, of the incident and any of Plaintiff's alleged damages related thereto.

4.     Further answering, if same be necessary, Defendant would show that any injuries or incapacities or disabilities claimed by Plaintiffs were of an extremely minor nature and a short duration and that such injuries, incapacities or disabilities have fully resolved.

5.     Further answering, if same be necessary, Defendant would show by way of affirmative defense that Plaintiff's injuries were temporary in duration and minimal in nature and that Plaintiff has recovered from same.

6.     Further answering, if same be necessary, Defendant would show that the injuries and/or incapacities and/or disabilities of Plaintiffs, if any, were the result of prior or subsequent incidents or conditions and were not proximately caused by the incident made the basis of this suit.

7.     Further answering, if same be necessary, Defendant would show by way of affirmative defense that the injuries alleged by Plaintiff to have been received as a result of the incident in question were unrelated to the incident in question and were the result of prior and/or subsequent injuries or conditions not proximately caused by the incident made the basis of this lawsuit.

8.     Further answering, if same be necessary, by way of affirmative defense, Defendant would show that the damages to Plaintiff, if any, were the result of a pre-existing or subsequent injury or condition unrelated to any acts or omissions of Defendant.

096-280741-15

9.     Further answering, if same be necessary, Defendant would show that any damages alleged by Plaintiff are the result of pre-existing or subsequent injuries or conditions unrelated to the incident made the basis of this suit.

10.     Further answering, Defendant affirmatively pleads that the alleged injury or injuries or damages of which Plaintiff complains, if any, were actually sustained, or are the result, in whole or in part, of a pre-existing and/or subsequently existing condition or conditions, and are not the result of any act or omission by Defendant, and are unrelated to the incident made the basis of this suit.

11.     Further answering, if same be necessary, Defendant would show that the allegations made against Defendant regarding negligence per se are based on a reasonable care standard, and thus, as a matter of law, Defendant cannot be found negligent per se.

12.     Further answering, if same be necessary, Defendant would show that Plaintiff has failed to mitigate her damages.

13.     For further answer, if same be necessary, Defendant would show that Plaintiffs' recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, as mandated by Texas Civil Practice and Remedies Code Section 41.0105.

14.     Further answering, if same be necessary, Defendant would show that it is entitled to credit and offset for monies previously paid.

15.    Further answering, if same be necessary, Defendant would show that it is not liable in the capacity in which he has been sued.

16.    Further answering, if same be necessary, Defendant would show by way of affirmative defense that the incident made this basis of this lawsuit was an unavoidable accident.

17.    Further answering, if same be necessary, Defendant would show that Plaintiffs are not entitled to any recovery of punitive/exemplary damages against this Defendant.  In this connection, Defendant would further show that any award of punitive damages against it would (a) violate the prohibition against excessive fines under the Eighth Amendment of the United States Constitution; (b) constitute a deprivation of property without due process of law under the Fourteenth Amendment of the United States Constitution; (c) violates the contract clause of Article I, Section X of the United States Constitution; and (d) violates Article I, Sections 10 and 14 of the Texas Constitution.  The indeterminate amount of a penalty that may be imposed as punitive damages under Texas law, and the lack of standards in discretion to determine the severity of punishment by a court or jury, violates the due process clause of the Fourteenth Amendment of the United States Constitution. Further, the assessment of punitive damages, a remedy that is essentially criminal in nature, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments, as well as Texas Constitution Article 1, Sections 13, 14, 16, and 19.

18.   Further answering, Defendant denies any liability for malice or gross negligence or any other conduct that would give rise to a valid claim for exemplary/punitive damages under Texas law.   Alternatively, Defendant invokes each and every applicable provision of Chapter 41 of the Texas Civil Practice and Remedies Code.

19.   Defendant further alleges that in the event any other person or party enters into any agreement with the Plaintiffs and settles any claim with respect to personal injury or other harm for which Plaintiffs seek to recover or damages in this suit, the Defendant is entitled to a credit toward any liability to Plaintiffs may be found to have in accordance with Texas Civil Practice & Remedies Code, Chapter 33.   Defendant reserves the right to make an election in accordance with Texas Civil Practice & Remedies Code Ann. §§ 33.012-33.017, if and when such settlements are made.

20.   Pleading further, without waiving any of the foregoing, Defendant further alleges that Plaintiffs' injuries and damages, if any, were proximately caused in whole or in part by the acts and omissions of third-parties over whom the Defendant has no control or rights of control; and Defendant specifically reserves any actions for contribution and indemnity against such third-parties and reserves its rights and remedies under Texas Civil Practice & Remedies Code Ann. § 33.001, *et seq.*

21.   Further answering, if same be necessary, by way of affirmative defense, Defendant would show that it is not liable for exemplary damages, and in the unlikely event that Defendant is found liable for such damages, such

---

**ORIGINAL ANSWER OF DEFENDANT TIME DEFINITE**
**SERVICES TRANSPORTATION, LLC**                                                    **PAGE 6**

App. 80

096-280741-15

damages are limited by the limitations on the award of exemplary damages contained in Section 41.008 of the Texas Civil Practices & Remedies Code.

22.     Further answering, if same be necessary, Defendant further alleges that not all of Plaintiff's medical expenses incurred following the incident were reasonable and necessary.

23.     Further answering, if same be necessary, Defendant would show that Plaintiff is required to prove any claim for recovery or loss of earnings, loss of earning capacity or other pecuniary loss by representation of such in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to Section 18.091 of the Texas Civil Practices and Remedies Code.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by virtue of his claims.  Defendant also prays for such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT,**
**HANSON & FEARY, P.C.**

By:     _/s/  John W. Greene_____
        John W. Greene
        State Bar No. 08391520
        _jgreene@scopelitis.com_
        Lynn M. Winter
        State Bar No. 24078135
        _lwinter@scopelitis.com_

App. 81

096-280741-15

801 Cherry Street, Suite 1075
Fort Worth, Texas  76102
Tel:  (817) 869-1700
Fax:  (817) 878-9472

ATTORNEYS FOR DEFENDANT
TIME DEFINITE SERVICES
TRANSPORTATION, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing *Original Answer of Defendant Time Definite Services Transportation, LLC* has been served upon all counsel of record as indicated below on this 25th day of September, 2015.

|          |                            |                                     |
|----------|----------------------------|-------------------------------------|
| __X__    | Electronic Service         | Wade A. Barrow                      |
| _____  | Certified Mail, RRR        | Law Offices of Steven C. Laird, PC  |
| _____  | Regular First-Class Mail   | 1824 8th Avenue                     |
| _____  | Facsimile                  | Fort Worth, TX 76110                |

/s/ *John W. Greene*_____
John W. Greene

4821-9495-6584, v.  2

**ORIGINAL ANSWER OF DEFENDANT TIME DEFINITE**
**SERVICES TRANSPORTATION, LLC**                                            **PAGE 8**

App. 82

096-280741-15

FILED
TARRANT COUNTY
10/7/2015 10:27:10 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-280741-15

| | | |
|---|---|---|
| JANET CLAYBROOK | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 96th JUDICIAL DISTRICT |
| | § | |
| PAULA DUNNING AND | § | |
| TIME DEFINITE SERVICES | § | |
| TRANSPORTATION, LLC | § | TARRANT COUNTY, TEXAS |

## SUGGESTION OF DEATH OF PAULA DUNNING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Time Definite Services Transportation, LLC, Defendant (hereinafter referred to as "Defendant") in the above-styled and numbered cause, and suggests of the Court that in July 2015, Defendant Paula Dunning died.  Upon information and belief Paula Dunning died in July 2015 in the State of Florida. A deceased person is not a proper party to a suit.

WHEREFORE, PREMISES CONSIDERED, Defendant Time Definite Services Transportation, LLC requests that suit against Paula Dunning be dismissed or continued in the name of the administrator and/or executor of the Estate of Paula Dunning, deceased, as Defendant.

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

By:     /s/  *Lynn M. Winter*
John W. Greene
State Bar No. 08391520
*jgreene@scopelitis.com*
Lynn M. Winter
State Bar No. 24078135
*lwinter@scopelitis.com*

801 Cherry Street, Suite 1075

---

**Suggestion of Death of Paula Dunning**                                            **PAGE 1**

**EXHIBIT B-6**                                    App. 83

096-280741-15

Fort Worth, Texas  76102
Tel:  (817) 869-1700
Fax:  (817) 878-9472

ATTORNEYS FOR DEFENDANT
TIME DEFINITE SERVICES
TRANSPORTATION, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing *Original Answer of Defendant Time Definite Services Transportation, LLC* has been served upon all counsel of record as indicated below on this 7th day of October, 2015.

|  |  |  |
|---|---|---|
| __X__ | Electronic Service | Wade A. Barrow |
| _____ | Certified Mail, RRR | Law Offices of Steven C. Laird, PC |
| _____ | Regular First-Class Mail | 1824 8th Avenue |
| _____ | Facsimile | Fort Worth, TX 76110 |

/s/  *John W. Greene*_____
John W. Greene

4821-8084-8936, v.  1

---

**Suggestion of Death of Paula Dunning**                                    **PAGE 2**

App. 84

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JANET CLAYBROOK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PAULA DUNNING AND** | § | |
| **TIME DEFINITE SERVICES** | § | |
| **TRANSPORTATION, LLC.** | § | |
| | § | |
| **Defendants.** | | |

<u>**DEFENDANT'S CERTIFICATE OF INTERESTED PERSONS**</u>

Pursuant to Federal Rule of Civil Procedure 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(3)(D), and LR 81.2, Defendant, Time Definite Services Transportation, LLC, provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"): None.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

- Time Definite Services Transportation, LLC
  *Defendant*

- Michael Suarez
  *Managing member of Time Definite Services Transportation, LLC*

Certificate of Interested Persons                                    Page 1

**EXHIBIT C**                                    App. 85

- Anna Suarez
  *Managing member of Time Definite Services Transportation, LLC*

- Janet Claybrook
  *Plaintiff*

- Law Offices of Steven C. Laird
  *Counsel for Plaintiff*

- Scopelitis, Garvin, Light, Hanson & Feary
  *Counsel for Defendant*

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.**

By:      /s/  *John W. Greene*
         John W. Greene
         State Bar No. 08391520
         *jgreene@scopelitis.com*
         Lynn M. Winter
         State Bar No. 24078135
         *lwinter@scopelitis.com*

801 Cherry Street, Suite 1075
Fort Worth, Texas  76102
Tel:  (817) 869-1700
Fax:  (817) 878-9472

ATTORNEYS FOR DEFENDANT
TIME DEFINITE SERVICES
TRANSPORTATION, LLC

## CERTIFICATE OF SERVICE

On October 9, 2015, I electronically submitted the foregoing document

with the clerk of the court of the U.S. District Court, Northern District of Texas

via ECF.  I hereby certify that I have served all counsel of record listed below

Certificate of Interested Persons                                          Page 2

App. 86

electronically or by another manner authorized by the Federal Rules of Civil

Procedure.

| | | |
|---|---|---|
| _____ | E-Service | Wade A. Barrow |
| _____ | Certified Mail, RRR | Law Offices of Steven C. Laird |
| _____ | Regular First-Class Mail | 1824 8th Avenue |
| ___X___ | Facsimile | Fort Worth, TX 76110 |
| | | Fax:  817-923-2228 |


  _/s/ *John W. Greene*_____
John W. Greene

4814-3338-3208, v.  1

Certificate of Interested Persons                                      Page 3

App. 87