IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANET CLAYBROOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-763-A |
| | § | |
| TIME DEFINITE SERVICES TRANSPORTATION, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Time Definite Services Transportation, LLC, for partial summary judgment. The court, having considered the motion, the response of plaintiff, Janet Claybrook, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part.

I.

### Plaintiff's Claims

Plaintiff's claims arise out of an accident that occurred on May 3, 2014, when a truck owned by defendant struck the car being driven by plaintiff. Plaintiff filed suit in the 96th Judicial District Court of Tarrant County, Texas, and the action was brought before this court by notice of removal. Plaintiff originally sued Paula Dunning ("Dunning"), who has since died, along with defendant. At the time of her original petition,

plaintiff did not identify any other person as a driver of the truck. Doc.[1] 1, Ex. B-1.

On June 15, 2016, after having obtained leave of court, plaintiff filed her first amended complaint, omitting her claims against Dunning. Doc. 16. Plaintiff now alleges that the truck was being driven by a team of drivers, Robert Scott ("Scott") and Dunning. Plaintiff believes the truck was being driven by Scott at the time of the accident, although the police report reflects that the driver was Dunning.

Plaintiff asserts claims for negligence, including allegations of negligence per se and gross negligence. By order signed July 20, 2016, the court granted defendant's motion for judgment on the pleadings as to the gross negligence allegations.

II.

Grounds of the Motion

Defendant maintains that plaintiff cannot establish negligence through her negligence per se allegations because the provisions of the Texas Transportation Code and Federal Motor Carrier Safety Regulations ("FMCSR") to which she refers do not set a heightened standard of care distinct from the general reasonably prudent person standard. Further, as to some of the regulations, defendant maintains that plaintiff cannot establish

---

[1] The "Doc." reference is to the number of the item on the docket in this action.

that a violation was the proximate cause of her injuries. Defendant also argues that plaintiff cannot prevail on her gross negligence allegations, but, as stated, the court has already ruled on the merits in that regard.

III.

Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party

3

asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

IV.

Analysis

Plaintiff's amended complaint references violations of Tex. Transp. Code § 545.060, and various provisions of the FMCSR, specifically: 49 C.F.R. §§ 383.111, 383.113, 390.3, 390.11, 390.13, 392.2, 395.1 et seq., and 396.7. Doc. 16 at 6-8, ¶ 27, f-o. Defendant maintains that none of the alleged regulatory violations supports a negligence per se claim.

Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the court as defining the conduct of a reasonably prudent person. Carter v. William Sommerville & Son, Inc., 584 S.W.2d 274, 278 (Tex. 1979). The jury is not asked to determine if the defendant acted as a reasonably prudent person, but rather whether the defendant violated the statute and, if so, whether this was a proximate cause of the plaintiff's injuries. Id. For example, courts have determined that it is negligence per se to drive on the wrong side of the road, to fail to stop at a railroad crossing, to attempt to pass another vehicle when nearing an intersection, or to knowingly permit an unlicensed individual to drive a car. Id.

A court will not adopt a statute as a standard for negligence unless one of the purposes of the statute is to protect the class of persons to which the plaintiff belongs from

5

the hazard in the particular case. Id. Moreover, if a statute is one that requires a person to exercise his or her judgment, as when a driver should proceed only when it is safe to do so, then the statute does not set a standard of care different from the reasonably prudent person standard and negligence per se will not apply. Supreme Beef Packers, Inc. v. Maddox, 67 S.W.3d 453, 456 (Tex. App.-Texarkana 2002, pet. denied).

The Supreme Court of Texas has instructed that among the factors a court is to consider in deciding whether to impose liability under a theory of negligence per so are:

> (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common-law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation; and (5) whether the plaintiff's injury is a direct or indirect result of the violation of the statute.

Ordonez v. M.W. McCurdy & Co., 984 S.W.2d 264, 268 (Tex. App.-- Houston [1st Dist.] 1998, no pet.)(citing Perry v. S.N., 973 S.W.2d 301, 309 (Tex. 1998)).

Section 545.060(a) of the Texas Transportation Code provides that an operator of a vehicle on a roadway divided into two or more clearly marked lanes for traffic (1) shall drive as nearly as practical entirely within a single lane, and (2) may not move

6

from the lane unless that movement can be made safely. Clearly, reference to a person acting "safely" is a reference to a reasonably prudent person. A violation of this statute does not support an instruction of negligence per se. Borden, Inc. v. Price, 939 S.W.2d 247, 249-50 (Tex. App.--Amarillo 1997, pet. denied). Plaintiff apparently agrees. Doc. 28 at 16.

In fact, in response to the discussion about negligence per se, plaintiff only argues that violations of sections 383.111, 383.113, 390.3[3], and 395.1 constitute negligence per se. Doc. 28 at 15-17. She does not dispute that negligence per se does not apply to the other sections mentioned in her amended complaint.

Section 383.111 is titled "Required knowledge" and lists categories of general areas about which a driver must have knowledge. Section 383.113 addresses "Required skills." These regulations do not prescribe a standard of conduct. In particular, the subparts of 383.113 to which plaintiff refers, (c)(4) and (8), provide that a driver must have the ability to chose a safe gap for changing lanes and must have the ability to observe the road and behavior of other vehicles, particularly before changing speed and direction. These require the exercise of judgment as a prudent person. They would not support a

---

[3] Neither party addresses 49 C.F.R. 390.3 in more than a general way, but this regulation is titled "General applicability" and does not set any particular standard upon which a negligence per se instruction could be given.

7

negligence per se instruction. See Ordonez, 984 S.W.2d at 271. Moreover, the summary judgment record reflects that Dunning was tested and showed that she had the requisite skills and knowledge covered by these sections. Plaintiff has not come forward with any evidence to show that truck was being driven by Scott at the time of the accident. Nor has she shown the driver's lack of knowledge or skills, whether Dunning or Scott, proximately caused the accident. See Borden, Inc., 939 S.W.2d at 250.

Part 395 pertains to hours of service of drivers and records pertaining thereto. With reference to these regulations, plaintiff alleges that there is a reasonable probability that one or both of the truck drivers was "out of service" at the time of the collision.[4] Doc. 16 at 7, ¶ m. Defendant addresses two aspects of part 395. The first is the requirements of part 395 regarding records of duty status. The summary judgment evidence establishes that defendant complied with record-keeping requirements. Plaintiff has not pointed to any evidence to the contrary, much less argued that defendant failed to comply with the regulations.

The second aspect of part 395 is the prohibition on driving too many hours within a certain time period. In this regard,

---

[4]Pursuant to 49 C.F.R. 395.13, a driver may be declared out of service by a special agent of the Federal Motor Carrier Safety Administration.

8

rather than argue that plaintiff cannot show that either Scott or Dunning was out of service, defendant argues that these regulations do not contain a source of a tort duty that would apply here. Further, defendant says plaintiff is unable to establish proximate cause. In response, plaintiff simply argues that noncompliance is proximate cause as a matter of law. Doc. 28 at 17. The court disagrees.

As recited, supra, the court considers a number of factors in determining whether to apply negligence per se to a particular statutory violation. An analysis of these factors shows that application of negligence per se to a violation of part 395 would not be appropriate. First, the matter of the number of hours that can be driven by a commercial driver is wholly a creature of statute and does not derive from common law. Perry, 973 S.W.2d at 306. Second, under plaintiff's theory, the statute would impose liability without fault. That is, even if an out of service driver bore no responsibility for an accident, he would be held liable. Id. at 308. The consequence of imposition of liability without fault could result in ruinous damages. Id. For these reasons, even if violation of the hours of driving limits could be considered negligence as a matter of law, the plaintiff should still be required to prove proximate cause to prevail. This plaintiff has made no attempt to do.

9

V.

<u>Order</u>

The court ORDERS that defendant's motion for partial summary judgment be, and is hereby, granted in part as to the negligence per se allegations of the amended complaint and plaintiff will not pursue these allegations at trial. That is, the action will be tried as a simple negligence case.

The court SO ORDERS.

SIGNED July 21, 2016.

_____
JOHN McBRYDE
United States District Judge